**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JEREMIA ANTONIO RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-225 |
| | ) | |
| CITY OF SAVANNAH, GEORGIA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On June 15, 2026, Defendant the City of Savannah filed a Motion to Dismiss the claims asserted against it in *pro se* Plaintiff Jeremia Antonio Rivera's Second Amended Complaint. *See generally* doc. 13. Rivera has now filed a response to that Motion, doc. 15, a Motion for Leave to file a Third Amended Complaint, doc. 15, and a "letter," doc. 17. The Court enters this Order to clarify the status of this case.

The procedural history of this case is somewhat odd. Plaintiff filed his original Complaint and moved for leave to proceed *in forma pauperis*. *See, e.g.,* doc. 2. Defendant the Mayor and Aldermen of the City of Savannah ("the City") appeared and filed a Motion to Dismiss despite the pendency of that Motion and the fact that they could not have been

effectively served, *see, e.g.,* Fed. R. Civ. P. 4(c)(1). Doc. 4. Plaintiff then amended his Complaint, doc. 5, improperly, as Defendant pointed out, doc. 7, and the City filed a Motion to Dismiss it, *id.*. The Court, then, granted Plaintiff leave to proceed *in forma pauperis*, retroactively authorized the filing of the Amended Complaint, and recommended that the City's Motion to Dismiss it be granted. Doc. 9. Plaintiff submitted a Second Amended Complaint and objected to the Report and Recommendation. Docs. 10 & 11. The City moved to dismiss the Second Amended Complaint. Doc. 13. The Court, therefore, vacated the recommendation on the superseded Motion to Dismiss, authorized the filing of the Second Amended Complaint, and directed Plaintiff to respond to the Motion to Dismiss it. Doc. 14. Plaintiff has now complied with that direction, responded to the Motion to Dismiss, and requested leave to file a Third Amended Complaint. Docs. 15 & 16.

The City's unorthodox decision to seek dismissal of a pleading that was, arguably, not even filed, *see* 28 U.S.C. § 1914, and with which it certainly had not been served, coupled with Plaintiff's seriatim amendments, has created a potential problem that the Court must now address. None of the other defendants named in Plaintiff's prior

pleadings have been served. Normally, when a plaintiff is authorized to proceed *in forma pauperis*, the Court will review the claims to determine whether they should be served. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the operative pleading asserts claims that are not subject to immediate dismissal, it will authorize the United States Marshal to effect service. *See, e.g.,* Fed. R. Civ. P. 4(c)(3). As a result of the procedural history discussed above, that process has been substantially derailed. Before this case proceeds any further, the Court is putting it back on the rails.

As the Court previously found, "the Second Amended Complaint, doc. 10, [is] the operative pleading in this case." Doc. 14 at 3. In addition to the City, that pleading names as defendants Detective R. Jordan, Chatham County, John T. Wilcher, Chatham County Detention Center, and "John / Jane Doe Correctional Officers 1-10." Doc. 10 at 2-3. As the Court explained in the now-vacated Report and Recommendation, "Chatham County Detention Center," is not an entity subject to suit. *See, e.g., Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022) ("[T]he Chatham County Detention Center is not an entity subject to suit."). Although the Court will not recommend the

dismissal of the Chatham County Detention Center as a party at this time, no attempt to serve it is appropriate. Moreover, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is "a limited exception," if the anonymous defendant is sufficiently specifically described. *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1215 n. 6 (11th Cir. 1992)). While the Court does not opine on whether the Second Amended Complaint sufficiently describes any of the anonymous "John / Jane Doe" defendants, any efforts to serve them as such would, obviously, be wasted. The Court will, however, authorize service of the Second Amended Complaint on the clearly named Defendants, other than the City; *i.e.* R. Jordan, Chatham County and John T. Wilcher, to avoid potential prejudice to those parties from litigation of any of Plaintiff's claims occurring in their absence and the general inefficiency of piecemeal litigation.

As noted above, since Plaintiff is authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). However, "[n]either the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit

as this would improperly place the Court in the role of an advocate." *DeRoche v. Funkhouser*, 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008). "It is well established that [a] Plaintiff is responsible for providing the Court and the Marshal the proper address for serving a defendant." *Bowman v. Johnson*, 2010 WL 1225693, at *1 (E.D. Va. Mar. 26, 2010) (citing, *inter alia*, *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)). Accordingly, Rivera will have to provide the Court and Marshal with information to serve Defendants Jordan, Chatham County, and Wilcher.

The Clerk is **DIRECTED** to prepare three copies of Form AO 440 (Summons in a Civil Action) with the caption for this case, including Plaintiff's name and address on the docket, but leaving the defendant's name and address blank. Plaintiff is **DIRECTED** to provide each Defendant's name and address, one on each form, and return them to the Court by no later than September 4, 2026. Upon Plaintiff's timely compliance with that instruction, the Clerk is **DIRECTED** to prepare Form AO 398 (Notice of Lawsuit and Request to Waive Service of Summons), United States Marshals Service Form 285, a copy of the Complaint, and a copy of this Order, and submit them to the Marshal pursuant to his standard procedures. In most cases, the Marshal will

first mail a copy of the waiver request and complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. The Marshal is **DIRECTED** to file a copy of the dated waiver request upon mailing. If any of the three defendants does not waive service, the Court will enter a further Order concerning the additional steps required to perfect service. Plaintiff's failure to timely comply with this Order could result in a recommendation that his case be dismissed. *See, e.g.*, Fed. R. Civ. P. 41(b).

While the process for serving Defendants Jordan, Chatham County, and Wilcher are pending, the Court **STAYS** all deadlines in this case, except as provided below. The City is **DIRECTED** to file its response to Plaintiff's Motion for Leave to File Third Amended Complaint as otherwise required by the Local Rules. *See* doc. 16; *see also, e.g.,* S.D. Ga. LR Civ. 7.5. Once that response is filed, the City's Motion to Dismiss the Second Amended Complaint, doc. 13, and Plaintiff's Motion for Leave, doc. 16, will remain pending until the remaining defendants are served, as discussed above, and have an opportunity to respond. The Court will enter orders concerning those defendants as they become appropriate.

During the pendency of the stay, any party remains free to file any motion that party believes is appropriate, but no party is obligated to respond to any motion unless specifically directed by the Court.

Finally, the Court will address the document Plaintiff titled a "Letter to the Court." Doc. 17. The substance of that document concerns Plaintiff's ability to comply with his obligations under Federal Rule of Civil Procedure 26(f) and Chief Judge Baker's Standing Order, doc. 3. It requests a thirty-day extension of the deadlines to comply with those obligations. Doc. 17 at 4. The stay, imposed above, renders that request moot. However, the fact that such a request is presented in a document characterized as a "letter" requires additional comment. Letters are not an appropriate means to request that the Court take any action. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000); *see also* Fed. R. Civ. P. 7(b)(1). Requests made in "letters," which often do not require court action, can be missed. Clearly identifying "motions" ensures that the Court will address the requests that they contain. Because the "letter" is not a procedurally proper means to request court action and the only action it requests is moot, the Court will take no further action on the "letter." Doc. 17. Plaintiff is

advised, however, that any further request for court action in this case be made in a clearly identified "motion."

**SO ORDERED**, this 19th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA