**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JEREMIA ANTONIO RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-225 |
| | ) | |
| CITY OF SAVANNAH, GEORGIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

In August, the Court entered an Order attempting to correct the convoluted procedural path this case has followed. *See generally* doc. 18. While the Court's hope in entering that Order was not entirely vain, it has also not been entirely realized. The Court, therefore, enters this second Order to address additional procedural complexity that has arisen since its prior Order.

The complicated litigation history of this case is recounted in the prior Order and need not be repeated here. *See* doc. 18 at 1-4. As relevant here, however, the Court repeats that, currently, the Second Amended Complaint is the operative pleading and, at the time of the prior Order, was due to be served on Defendants Jordan, Chatham County, and

Wilcher. *Id.* at 4. To that end, the Court directed Plaintiff to submit summonses for those defendants. *Id.* at 5. His deadline to do so was September 4, 2026 and, upon his submission, the Marshal was directed to serve those defendants. *Id.* at 4-6. All deadlines other than Defendant the City of Savannah's deadline to respond to Plaintiff's Motion to Amend were, and remain, stayed. *Id.* at 6-7.

Rivera submitted the summonses, but he submitted them five days late. *See* doc. 20 (filed September 9, 2026). Because they were not timely submitted, the service directions in the Court's prior Order were not carried out. The City responded to Plaintiff's Motion to Amend. Doc. 19. Plaintiff has now filed multiple Motions and other documents that are addressed below. *See* docs. 21, 22, 23, 24, 25, 26, 27 & 28.

First, the Court must address the untimeliness of the submission of the summonses. Plaintiff submitted multiple documents that were all received by the Clerk on September 9, 2026. *See* docs. 20, 21, 22 & 23. It appears that Rivera mailed all of those documents in a single package on September 2, 2026. *See* doc. 21 at 5. It was scheduled for delivery by the United States Post Office on September 3, 2026. *Id.* The Post Office's tracking information indicates that it was delivered on September 8,

2026.[1] *See* Ex. A (*available at* https://tools.usps.com/tracking/9581711603776245114879 (last accessed November 12, 2026)). Based on the tracking information, it appears that a combination of Post Office inefficiency and logistical difficulties created by this Court's ability to receive mail resulted in a five-day delay. Moreover, for reasons that are not apparent, Rivera has neither sought nor received any relief concerning the missed deadline.

First, the fact that Rivera placed the materials in the mail prior to the deadline is not relevant to their timeliness; parties that are not incarcerated must ensure that the Clerk receives filings by the date that they are due. *See, e.g., Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) ("When papers are mailed to the clerk's officer, filing is complete when the papers are received by the clerk," and "[p]apers arriving after a deadline are untimely even if

[1] The tracking history reflects a veritable comedy of errors. It confirms that delivery was scheduled for Thursday, September 3, 2026. For reasons that are entirely opaque, but perhaps not surprising, the package, addressed to this Court in Savannah, Georgia, was detoured by the Post Office from Atlanta, Georgia to Louisville, Kentucky, resulting in a delay that exceeded the scheduled delivery date and the deadline for filing set in the Court's Order. It was rerouted to Savannah the next day, September 5, 2026. However, September 5, 2026, was a Saturday, when this Court's Clerk's Office was closed. Monday, September 7, 2026, was Labor Day, a federal holiday. The package was finally delivered on September 8, 2026, which was the first day the Clerk's Office was open. It is not clear why the filings were not received by the Clerk until September 9, 2026.

mailed before the deadline." (internal quotation marks and citations omitted)); *Boateng v. Coast Pro., Inc.*, 2025 WL 2743870, at *2 (N.D. Ga. Aug. 13, 2025) (citing *Tucker v. United States*, 724 F. App'x 754, 757 (11th Cir. 2018)). However, a retroactive extension of Rivera's deadline is appropriate, notwithstanding that he has not requested one, because the delay is wholly attributable to the United States Post Office, and not Rivera. *Cf. Foley v. Orange Cnty.*, 2026 WL 2491376, at *1 (11th Cir. Aug. 25, 2026) (relevant factors under Fed. R. Civ. P. 6(b)(1)(B) "are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (internal quotation marks omitted)). The Court will, therefore, treat the submitted summonses as timely.

Accordingly, the Clerk is **DIRECTED** to prepare Form AO 398 (Notice of Lawsuit and Request to Waive Service of Summons), United States Marshals Service Form 285, a copy of the Complaint, and a copy of this Order and the Court's prior Order, doc. 18, and submit them to the

Marshal pursuant to his standard procedures. In most cases, the Marshal will first mail a copy of the waiver request and complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. The Marshal is **DIRECTED** to file a copy of the dated waiver request upon mailing. If any of the three defendants does not waive service, the Court will enter a further Order concerning the additional steps required to perfect service.

The Court's prior Order stayed proceedings in this case, pending service upon the remaining defendants named in the Second Amended Complaint. *See* doc. 18 at 6. The Court continues that stay. As previously noted, the City's Motion to Dismiss the Second Amended Complaint, doc. 13, and Plaintiff's Motion for Leave, doc. 16, will remain pending until the remaining defendants are served, as discussed above, and have an opportunity to respond. The Court will enter orders concerning those defendants as they become appropriate. During the pendency of the stay, any party remains free to file any motion that party believes is appropriate, but no party is obligated to respond to any motion unless specifically directed by the Court. The Court will also take no

action concerning Rivera's request that Richard Coleman be substituted for Defendant Wilcher, as the current Sheriff of Chatham County, Georgia, and that a summons issue for Coleman. Docs. 21 & 22. *Cf.* Fed. R. Civ. P. 25(d) ("The court may order substitution [of a public officer who has ceased to hold office] at any time . . .").

Rivera has also filed a request to extend his deadline to reply in support of his Motion for Leave. Doc. 24. He submitted his proposed reply contemporaneously with his Motion. Doc. 25. For good cause shown, his Motion is **GRANTED**. Doc. 24. The Court will consider his reply in evaluating his Motion for Leave, as appropriate pending the stay discussed above. Finally, Rivera has also requested a sixty-day stay of deadlines in this case. *See* doc. 27. Because this case is already stayed, as discussed above, that Motion is **DISMISSED** as moot. Doc. 27. To the extent that Plaintiff requires additional time to comply with deadlines, upon the lifting of the existing stay, he remains free to request such relief at that time.

**SO ORDERED**, this 13th day of November, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# EXHIBIT A

# USPS Tracking®

FAQs >

Tracking Number:

Remove X

## 9581711603776245114879

Copy    Add to Informed Delivery

**Scheduled Delivery by**

**THURSDAY**

**3** September 2026 ⓘ

by

**6:00PM** ⓘ

Your item was delivered to the front desk, reception area, or mail room at 2:02 pm on September 8, 2026 in SAVANNAH, GA 31401. The item was signed for by M S.

Feedback

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

**Delivered, Front Desk/Reception/Mail Room**

SAVANNAH, GA 31401
September 8, 2026 2:02 PM

**Reminder to Schedule Redelivery of your item**

September 8, 2026

**Notice Left (No Authorized Recipient Available)**

SAVANNAH, GA 31401
September 5, 2026 11:20 AM

**Notice Left (No Authorized Recipient Available)**

SAVANNAH, GA 31401

September 5, 2026 9:21 AM

**Out for Delivery**

SAVANNAH, GA 31401
September 5, 2026 9:15 AM

**Arrived at Post Office**

SAVANNAH, GA 31401
September 5, 2026 9:04 AM

**Arrived at USPS Facility**

SAVANNAH, GA 31401
September 5, 2026 8:41 AM

**Arrived at USPS Facility**

LOUISVILLE KY DISTRIBUTION CENTER
September 4, 2026 8:18 AM

**Arrived at USPS Facility**

ATLANTA GA DISTRIBUTION CENTER
September 2, 2026 8:08 PM

**Departed Post Office**

ATLANTA, GA 30303
September 2, 2026 6:05 PM

**USPS in possession of item**

ATLANTA, GA 30303
September 2, 2026 12:32 PM

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**

**Text & Email Updates**

**Proof of Delivery**

**USPS Tracking Plus®**